Darling v. Neill.

## H. P. DARLING v. ANDREW NEILL.

Where the petition for a *certiorari* alleged that the defendant (the applicant for the *certiorari*) being about to be absent on the first trial day after the service of process, requested of the Justice of the Peace, a continuance until the succeeding Term, which the Justice assured him should be granted, but that the Justice, notwithstanding, when the case was called, gave judgment against him ; that, the claim being unliquidated, the Justice gave judgment without any evidence being produced ; that the defendant had no notice of the judgment, until it was too late to move to set it aside or for a new trial; and that there was no justice in the plaintiff's demand ; it was held that the motion to dismiss the *certiorari* was properly overruled.

Appeal from Guadalupe. Suit before a Justice of the Peace by the appellee against appellant, for $100 for the services of three French and Spanish buck sheep, to run among one hundred sheep, from the 15th day of February, 1851, until the 15th day of May, 1855. When the Court overruled the motion to dismiss the *certiorari*, the plaintiff refused to prosecute further, whereupon the defendant asked that the original suit be dismissed, which was ordered accordingly. The other facts appear from the Opinion.

*W. B. Leigh,* for appellant. I. The plaintiff may abandon his case, after the overruling of a motion to dismiss, and rely

upon having the *certiorari* dismissed upon appeal.    (8 Tex. R. 280.)

II.   Without notice to the plaintiff, the Magistrate had no power to grant, or to agree to grant, a continuance when his Court was not in session.    (3 Tex. R. 141.)

III.   The Magistrate having no power to grant a continuance, the defendant has not shown a sufficient excuse for not appearing and making defence;  (4 Tex. R. 1 ; 5 Id. 570 ;) and not having appeared and made a defence, the claim of plaintiff was admitted to be just, and that defendant had no valid defence to make, it was therefore only necessary for the Magistrate to be satisfied of the justness of the claim to enable him to render a valid judgment.

*J. Ireland,* for appellee.


HEMPHILL, CH. J.   There does not appear to be error in overruling the motion to dismiss the writ of *certiorari.*   The petition, it is believed, sets forth sufficient grounds.

The defendant, being about to be absent on the first trial day after the service of process, requested of the Magistrate a continuance until the succeeding Term.   He was assured by the Justice that the cause would be so continued, and the Justice also gave an assurance to the attorney of defendant to the same effect.   This is an irregular mode of obtaining a continuance, but it has, perhaps, received some sanction, in practice, before the Justices' Courts.   At all events, the assurance of the Magistrate was well calculated to lull the vigilance of the defendant ; and a judgment against him, under such circumstances, might well be considered as being taken by surprize. The petitioner further swears that he was not informed of the judgment, until he appeared at the Term to which he had supposed the cause continued, and enquired whether the cause would be tried, and he therefore was deprived of the right of moving to set aside the judgment or for a new trial.

He further sets forth in the petition, that the judgment was rendered without evidence. If so, and the fact must be taken as stated, on exception or motion to dismiss, there was error in the proceeding, the Act requiring the Justice to have evidence before giving judgment on an unliquidated demand.

The petition also states that there was no justice in the demand of the plaintiff ; and, upon the whole we are of opinion that there was sufficient ground for the writ. And it is ordered that the judgment be affirmed.

Judgment affirmed.